**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Tina L. Jascha,                  Case No. 3:15CV711

      Plaintiff

    v.                          **ORDER**

Carolyn W. Colvin,
  Acting Commissioner of Social Security,

      Defendant

      This is a Social Security case in which the parties stipulated to a "sentence four" remand. *E.g.*, *Budzinski v. Comm'r of Soc. Sec.*, 2016 WL 558694 (E.D. Mich.); *see also* 28 U.S.C. § 405(g).

      Pending is a motion by the plaintiff, Tina Jascha, for $8,004.40 in attorney's fees and costs. (Doc. 18). That figure represents 39.3 hours of attorney time, at $185.18 per hour, and 9.1 hours of paralegal time, at $80 per hour.

      The Commissioner opposes the motion in part.

      She does not dispute Jascha is a prevailing party, her own position in the litigation lacked substantial justification, or the hourly rate for attorney's fee is reasonable.

      Rather, she contends: 1) the thirty-four hours counsel spent reviewing the record and preparing plaintiff's opening brief were excessive; 2) the hour counsel spent "negotiat[ing]" the Commissioner's two requests for an extension of time was excessive; 3) the time counsel and his paralegals spent preparing the fee petition was unreasonable; 4) counsel's billing seeks fees for non-

compensable clerical work; 5) the time spent preparing the complaint was excessive; and 6) the $80 hourly rate for paralegal fees is excessive.

In her reply, plaintiff agrees I should reduce her attorney's fees by 0.3 hours, but otherwise disputes the Commissioner's argument that the fees and costs are excessive.

For the reasons that follow, I grant plaintiff's motion in part.

## Standard of Review

The Equal Access to Justice Act, 28 U.S.C. § 2412, "requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified" or special circumstances would make an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004).

"Determining what is a 'reasonable' fee necessarily involves the exercise of some discretion, both by the billing attorney and by this Court." *Crim v. Comm'r of Soc. Sec.*, 2013 WL 1063476, *1 (S.D. Ohio).

The plaintiff has the burden to prove the fees she seeks are reasonable. *Id.*

## A. Hours Expended

When calculating a fee award, "[t]he court should exclude time that is excessive, redundant, or inadequately documented." *Mullins v. Astrue*, 2012 WL 298155, *2 (S.D. Ohio).

"Courts are obligated to prune unnecessary hours from fee petitions because courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *McWhorter v. Comm'r of Soc. Sec.*, 2014 WL 3842854, *4 (N.D. Ohio) (Wells, J.).

In determining whether the time expended was reasonable, courts may consider "the complexity of the case, the length of the administrative record and counsel's familiarity with it, the legal research required, and the skills and contemporaneous time records of counsel." *Crim*, *supra*, 2013 WL 1063476, at *6.

### 1. Record Review and Brief Preparation

The Commissioner contends the thirty-four attorney hours associated with reviewing the administrative record and preparing the plaintiff's merits brief are excessive.

She observes plaintiff's counsel had represented Jascha since 2014 and wrote a brief on Jascha's behalf to the Appeals Council. This work, the Commissioner maintains, must have led counsel to become familiar with the record before this case began, and thus any further review of the record was duplicative. Counsel's familiarity with the record, the Commissioner concludes, should have enabled him to file a brief in a shorter time frame.

The Commissioner also contends some of the hours that an associate in counsel's firm spent preparing the brief after two supervisors had edited it amount to non-compensable training of that attorney.

These objections lack merit.

*Review of the Administrative Record.* It bears mentioning counsel did not file the merits brief in this case until July 30, 2015, nearly eleven months after he had filed the brief to the Appeals Council in early September, 2014.

Had counsel been working on only Jascha's case, or perhaps only a handful of other cases, the Commissioner's objection might have some merit.

But it is difficult to imagine that a lawyer with counsel's experience and expertise was not, in that interim, handling other cases, and indeed counsel represented in the reply brief that his firm handled "hundreds of other cases" in that time. (Doc. 21 at 2).

What is more, the administrative record here was over 1100 pages, which is significantly larger than the average record (somewhere around 500 to 800 pages) in Social Security cases I have decided recently. *Cf. Morris v. Astrue*, 2013 WL 257108, *3 (D. Del.) (twenty hours spent reviewing 1300-page administrative record was reasonable).

Thus, the 6.4 hours counsel spent reviewing the record were not only reasonable, but also prudent. *Bentley v. Astrue*, 2011 WL 2923970, *2 (N.D. Tex.) ("Counsel would have been remiss had he not reviewed the entire 500 page record thoroughly, despite his representation of Plaintiff at the administrative level.")

*Preparation of the Merits Brief.* As counsel points out, there was a substantial difference between the work he performed for Jascha before the Appeals Council and the work that went into the merits brief.

Jascha's brief before the Appeals Council was only four pages, and it lacked the detailed statement of facts and sustained argument that counsel included in the merits brief. The merits brief, in contrast, was long on facts, rife with case citations, and grounded in well-reasoned arguments supporting Jascha's three claims for relief.

Nor did counsel carelessly spend the hours that went into the final brief: upon receiving the brief and reviewing it, the Commissioner promptly agreed to a remand for a new hearing. The hours associated with the brief's preparation were reasonable.

*"Training" of a New Attorney*. In general, "[f]ees associated with training attorneys are not compensable under the EAJA when the fees were not incurred as a result of any actions or positions of the government in the litigation." *Belcher v. Astrue*, 2012 WL 3064267, *2 (S.D. Ohio).

Yet there is no merit to the Commissioner's argument that the work done by Alyssa Van Aucken amounts to non-compensable "training" of a new attorney.

Counsel's time sheets show Van Aucken, a recent law-school graduate and new attorney, spent 13.9 hours on "Initial Brief Preparation." (Doc. 18-1 at 11). Thereafter, two senior firm attorneys spent a total of 2.75 hours reviewing and editing the brief. Van Aucken then spent 9.6 hours "Continu[ing] Brief Preparation – Final Draft." (*Id.*).

From these entries, the Commissioner deduces Van Aucken must have spent the 9.6 hours merely "revising" her initial draft and correcting errors, omissions, or other deficiencies her supervisors identified. (Doc. 20 at 4).

Yet it is just as likely, if not more so, that Van Aucken spent those hours strengthening the brief by. In my experience, that is often what occurs when a supervising attorney reviews a junior attorney's pleadings, and the junior attorney later spends additional time on the pleadings.

While such review inures to the benefit of the junior attorney personally, it likewise benefits the client: higher quality pleadings are more likely to influence the court – or, in this case, opposing counsel – than a shabby brief. A review of the brief shows that that is exactly the kind of brief counsel ultimately produced.

It should go without saying, then, that the time spent by the supervising attorneys editing the brief and the hours spent finalizing the brief were eminently reasonable.

### 2. Preparation of the Complaint

The Commissioner also contends counsel seeks excessive attorney fees and paralegal time in connection with pre-litigation review and preparing the complaint.

In my view, spending 1.4 hours of attorney time to prepare a complaint for filing in federal court is not unreasonable. *E.g.*, *McWilliams v. Comm'r of Soc. Sec.*, 2010 WL 2597864 (N.D. Ohio) (McHargh, J.) (spending 1.5 hours on "complaint and other paperwork" not unreasonable).

I do agree, however, 4.5 hours of paralegal time – on top of the 1.4 hours of attorney time – is excessive under the facts and circumstances here. I will therefore reduce the recoverable hours for prelitigation paralegal work to 2.25 hours.

### 3. "Negotiations" re. Extension Requests

I also agree with the Commissioner the 0.9 hours counsel seeks in connection with "negotiating" the Commissioner's two extension requests are excessive. The Commissioner represents these requests were made, and agreed to, via short emails; counsel has not sufficiently justified why it was reasonable to spend fifty-four minutes negotiating these requests, responding to the Commissioner's emails, or reviewing and calendaring the anticipated orders granting the requests.

Counsel is entitled to 0.2 hours in fees for these "negotiations."

### 4. Fee Petition

The Commissioner next objects that 1.15 hours of attorney time and 2.3 hours of paralegal time is an excessive amount of time to prepare the fee petition.

I disagree, on the authority of other cases in the Circuit finding similar hours reasonable. *E.g.*, *Mish v. Comm'r of Soc. Sec.*, 2012 WL 1790018, *3 (W.D. Mich.) (awarding fees for 3.75

hours spent litigating fee). Although nearly three-and-a-half hours may seem on the longer end, that is largely owing to the involvement of a paralegal, who is nevertheless able to assist in preparing the fee petition at a lower cost.

### 5. Clerical Work

The Commissioner objects the following hours are non-compensable because the work involved was clerical:

- 0.3 hours drafting a certificate of service and filing the merits brief;
- 0.3 hours for referring the case back to the referral source;[1]
- 0.4 hours for creating a form for lead counsel
- 1.2 hours of paralegal time for downloading the administrative record and converting it to a PDF; and
- 0.3 hours for mailing a memorandum of law.

I agree all of the foregoing, with the exception of the time spent downloading and manipulating the PDF version of the administrative record, is non-compensable clerical work. *Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 651 (S.D. Ohio 2013). Counsel's papers are insufficient to justify that these attorney hours were reasonable. *See id.* ("Purely clerical or secretarial task – *i.e.*, non-legal work – should not be billed (even at a paralegal rate."); *Potters v. Blue Cross Blue Shield of Mich.*, 10 F. Supp. 3d 737, 750 (E.D. Mich. 2014) (filing of legal documents is non-compensable).

---

[1] Counsel acknowledges that he has double-billed for these 0.3 hours.

**B. Paralegals' Hourly Rate**

Finally, the Commissioner opposes the proposed $80 hourly rate for work that counsel's paralegals performed. She contends courts in this District have found lower rates – specifically, $40 per hour – reasonable for paralegal work. *E.g.*, *Dallas v. Comm'r of Soc. Sec.*, 2014 WL 1767815, *5

Counsel responds that, in *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 497 n.3 (6th Cir. 2014) – a case in which his firm represented the plaintiff – the Sixth Circuit observed that an $80 hourly rate for paralegal work "appear[ed] to be reasonable." Counsel also points out that other courts have concluded the $80 rate is reasonable. *E.g.*, *Hawk v. Astrue*, 2013 WL 139799, *4-5 (N.D. Ohio) (Limbert, J.).

I find counsel has not carried his burden to establish that the $80 rate is reasonable. Counsel had not produced any type of evidence or data showing what the going rate for paralegal services is in Toledo, this District, or even Ohio more broadly. *Dallas*, *supra*, 2014 WL 1767815, at *5-6 (counsel failed to submit evidence justifying rate greater than $40 per hour for legal assistants). The Sixth Circuit's observation – in a footnote in a case that did not address the reasonableness of attorney's fees – as to what rate "appears" reasonable does not suffice for such evidence.

Furthermore, the cases approving the $80 rate involved "appellate assistants" who performed more substantive work than traditional paralegal work. *E.g.*, *Cortes v. Colvin*, 2014 WL 4472613, *4 (N.D. Ohio) (White, J.). Counsel has made no showing that his paralegals performed that kind of work here. Thus I will award fees for paralegal work at a $40 hourly rate.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Plaintiff's motion for attorney's fees (Doc. 18) be, and the same hereby is, granted in part as provided herein.

2. Plaintiff's counsel shall submit a final order stating the amount due and owing in light of the foregoing, which shall include compensation for the hours expended, at the requested hourly rate, preparing the reply brief.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge